**YOU LIANG HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3580–ag.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

You Liang Huang, Pro Se, Brooklyn, New York, for petitioner.

Peter D. Keisler, Assistant Attorney, General, Civil Division, Aviva L., Poczter, Senior Litigation Counsel, Melissa S. Leibman, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner You Liang Huang, a citizen of China, seeks review of the July 5, 2006 order of the BIA affirming the March 3, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Liang Huang*, No. A96 395 384 (B.I.A. Jul. 5, 2006), *aff'g* No. A96 395 384 (Immig. Ct. N.Y. City Mar. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Spouses of individuals persecuted under a coercive family planning policy are not *per se* eligible for asylum. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 299–301 (2d Cir.2007) (*per curiam*). Such individuals may establish eligibility for asylum, however, by demonstrating past persecution based on their own "other resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such "resistance." *Id.* at 314 (citing 8 U.S.C. § 1101(a)(42)). But we conclude that the IJ's adverse credibility finding, supported by substantial evidence, precludes any such claim

The IJ properly supported its adverse credibility finding with several material inconsistencies between Huang's testimony and the documentary evidence in the record. For example, Huang testified that his wife was subjected to a forced abortion but failed to mention that incident in either his airport or credible fear interviews. Similarly, while Huang testified that he and his wife were fined a sum of 3,000

RMB when the Chinese government discovered that his wife was pregnant a second time, his asylum application does not mention such an assertion. These discrepancies provide substantial evidence in support of the agency's adverse credibility finding. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

The IJ also based his adverse credibility determination on his observation of Huang's demeanor during his testimony. The IJ specifically noted instances where Huang was unresponsive to the specific questions that were asked, and observed that he "simply related information" that he appeared to have memorized. We accord deference to such findings. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Finally, the IJ found implausible Huang's testimony that he and his wife waited eighteen years to have her IUD removed when they wanted to have another child and his wife had experienced complications from wearing the device. The IJ further noted that Huang's explanations for this testimony were themselves inconsistent. We are not left with the "firm conviction" that the IJ's finding, which was tethered to the record, was in error. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007); *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

Because Huang failed to establish past persecution due to his incredible testimony, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). And because he was found not credible, Huang failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the

agency's denial of asylum was proper. In addition, because Huang's claim for withholding of removal was premised on the same factual basis as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on his withholding of removal and CAT claims. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006) (Withholding); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.